In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00123-CR
______________________________


TIMOTHY BILL SAHS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 15374


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â In 1994, Timothy Bill Sahs and a confederate stole an automobile in Lamar County. When
it appeared they would be caught, they set the car on fire, which spread to and damaged a county-owned bridge. After being convicted of both theft and arson, Sahs was sentenced, in a separate case,
to confinement for the arson and, in this case, to ten years' community supervision for the theft. In
addition to some common conditions, including regularly reporting to his community supervision
officer, Sahs' community supervision was conditioned on his making monthly restitution payments
to Lamar County for the cost of the burned bridge.
Â Â Â Â Â Â Â Â Â Â Â Â In 1998, Sahs figuratively burned his own bridge when he violated several conditions of his
community supervision. In 1999, the State moved to revoke Sahs' community supervision alleging
that he failed to submit monthly report forms to the community supervision and corrections
department and also failed to make monthly payments on court costs, restitution, and court-appointed
attorney's fees. Sahs was not apprehended until he was stopped for speeding in 2005, after the period
of his community supervision expired. Sahs appeals from the May 26, 2005, revocation of his
community supervision and the resulting judgment, which imposes a seven-year sentence and an
order for Sahs to pay $22,065.00 in restitution to Lamar County. 
Â Â Â Â Â Â Â Â Â Â Â Â Sahs' attorney has filed an appellate brief in which he concludes, after a review of the record
and the related law, the appeal is frivolous and without merit. The brief contains a professional
evaluation of the record and contains two points of error that arguably support reversal. This meets
the requirements of Anders v. California, 386 U.S. 738 (1967).



Â Â Â Â Â Â Â Â Â Â Â Â Counsel Â provided Â a Â copy Â of Â his Â brief Â to Â Sahs Â November Â 14, Â 2005. Â Sahs Â has Â not Â filed
a pro se response to his counsel's Anders brief, nor has the State filed a response.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel's brief first discusses the trial court's jurisdiction, the adequacy of pretrial
proceedings, the sufficiency of the evidence, and the effective assistance of trial counsel. The brief
appropriately dismisses those subjects because they contain no arguable issues. Then counsel raises
two arguable issues: (1)Â whether the State was diligent in prosecuting Sahs on its motion to revoke,
and (2) whether it was permissible to condition Sahs' community supervision on his paying
restitution to Lamar County.
1.Â Â Â Â Â Â Â Â Â There Is No Evidence the Motion to Revoke Was Not Prosecuted Diligently
Â Â Â Â Â Â Â Â Â Â Â Â Because the revocation hearing was held after Sahs' community supervision expired and one
of the bases for revocation was failure to report, we address the issue of due diligence.


 But because
there is no evidence of lack of due diligence on the part of the Stateâin fact there is affirmative
evidence that Sahs absconded from supervision not withstanding the State's efforts to locate
himâwe conclude the State's motion was diligently prosecuted. See Wheat v. State, 165 S.W.3d 802
(Tex. App.âTexarkana 2005, pet. ref'd).
2.Â Â Â Â Â Â Â Â Â Impermissibly Conditioning Sahs' Community Supervision on Paying Restitution to Lamar
County Is Not Appealable and Is Harmless Error
Â Â Â Â Â Â Â Â Â Â Â Â One of the conditions of Sahs' community supervision was his paying restitution of
$29,000.00, an amount which is obviously for Lamar County's bridge burned as a result of Sahs'
arson offense, which was charged in a separate caseânot for the private citizen's automobile which
was the object of the theft involved in this case and supporting the community supervision. 
Â Â Â Â Â Â Â Â Â Â Â Â A condition of community supervision imposed at the time of the original sentencing is not
appealable with a judgment revoking that community supervision, unless the condition had been
objected to when it was originally imposed. Bailey v. State, 160 S.W.3d 11, 13 (Tex. Crim. App.
2004); Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). There is no evidence any
objection was made at the time the condition was originally imposed. The condition of community
supervision that Sahs pay restitution to Lamar County is not now properly appealable.
Â Â Â Â Â Â Â Â Â Â Â Â Even if it had been appealable, the error would be harmless. While restitution may be
ordered as a condition of community supervision, it may not be ordered paid to anyone other than
the victim of the crime charged in the case. Martin v. State, 874 S.W.2d 674, 676â78 (Tex. Crim.
App. 1994); see Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 11(b) (Vernon Supp. 2005) (limiting
terms of community supervision restitution to "the victim"). As such, conditioning Sahs' community
supervision on his paying restitution to Lamar County was improper.
Â Â Â Â Â Â Â Â Â Â Â Â But because Sahs' community supervision was revoked on sufficiently established bases other
than his failure to pay restitution, such error was harmless. Therefore, it would not be reversible
error, even if it had been appealable.
3.Â Â Â Â Â Â Â Â Â The Portion of the Judgment Requiring Sahs to Pay Restitution to the County Is Without
Authority
Â Â Â Â Â Â Â Â Â Â Â Â The judgment revoking Sahs' community supervision and sentencing him also requires his
payment to Lamar County of the restitution remaining unpaid. While restitution may be ordered in
conjunction with a criminal sentence, it is limited to a "victim of the offense." Tex. Code Crim.
Proc. Ann. art. 42.037(a) (Vernon Supp. 2005). That language is equivalent to the community
supervision limitation set out in Article 42.12, Section 11(b) mentioned above. Therefore, ordering
restitution to Lamar County, though of praiseworthy intent, was unauthorized and, therefore, error. Â Â Â Â Â Â Â Â Â Â Â Â When an error can be corrected by modifying a judgment, we are authorized to do that. Tex.
R. App. P. 43.2 (b); see Hankins v. State, No. 03-04-00018-CR, 2005 Tex. App. LEXIS 6465 (Tex.
App.âAustin Aug. 10, 2005, no pet. h.).
Â Â Â Â Â Â Â Â Â Â Â Â After our review of the record, we agree with appellate counsel that Sahs' revocation and
sentence is without reversible error and that the arguable issues counsel has raised are not
meritorious. Butâbecause the trial court's judgment, without authority, orders Sahs to pay
restitution to Lamar County, not to the victim of the theft for which Sahs was convicted in this
caseâwe modify the judgment by striking the order that Sahs pay restitution of $22,065.00 to Lamar
County, and affirm the judgment as modified. We grant counsel's motion to withdraw as Sahs'
counsel.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 3, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 10, 2006

Do Not Publish



eneric-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:-1610611985 1073750139 0 0 159 0;}
@font-face
 {font-family:Tahoma;
 panose-1:2 11 6 4 3 5 4 4 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-format:other;
 mso-font-pitch:variable;
 mso-font-signature:3 0 0 0 1 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpFirst, li.MsoFootnoteTextCxSpFirst, div.MsoFootnoteTextCxSpFirst
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpMiddle, li.MsoFootnoteTextCxSpMiddle, div.MsoFootnoteTextCxSpMiddle
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpLast, li.MsoFootnoteTextCxSpLast, div.MsoFootnoteTextCxSpLast
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
a:link, span.MsoHyperlink
 {mso-style-priority:99;
 color:blue;
 mso-themecolor:hyperlink;
 text-decoration:underline;
 text-underline:single;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:Tahoma;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-147-CR%20Taylor%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00147-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  WILLIE KELTON TAYLOR,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 217th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Angelina County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR-28819

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Following a
major vehicle collision, Willie Kelton Taylor was charged in the same
indictment for aggravated assault with a deadly weapon and intoxication
assault.Â  Taylor was found guilty of both
offenses in the 217th Judicial District Court of Angelina County.[1]Â  After pleading ÂtrueÂ to an enhancement paragraph,
Taylor was sentenced to fifteen yearsÂ imprisonment for aggravated assault with
a deadly weapon.Â  As to intoxication
assault, the trial court imposed the following sentence: 

UPON
COMPLETION OF THE SENTENCE IN COUNT I, THEN DEFENDANT IS SENTENCED AS FOLLOWS
FOR COUNT II AND THE SENTENCE BEGINS UPON DEFENDANTÂS RELEASE ON PAROLE OR
OTHERWISE, FROM TDCJ-INSTITUTIONAL DIVISION IN COUNT I: TEN (10) YEARS
INSTITUTIONAL DIVISION, TDCJ, PROBATED FOR TEN (10) YEARS. 

Â 

Taylor contends the consecutive sentence is void.Â  The State, with professional candor, concedes
that the trial court erred in ÂstackingÂ the sentences.[2]Â  We modify the judgment, and we affirm the
modified judgment. 

Â Â Â Â Â Â Â Â Â Â Â  Generally,
a trial court has authority to order sentences to run concurrently or
consecutively.Â  Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2010).Â  However, a trial courtÂs discretion is
limited by Section 3.03 of the Texas Penal Code, which reads: 

When
the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced.Â  Except as provided by Subsection (b), the
sentences shall run concurrently.[3]Â  

Â 

Tex. Penal Code Ann.
Â§ 3.03 (Vernon Supp. 2010); LaPorte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); see Jackson v. State, 157 S.W.3d 514, 516 (Tex. App.ÂTexarkana
2005, no pet.).Â  ÂIf the facts show the
proceeding is a single criminal action based on charges arising out of the same
criminal episode, the trial court may not order consecutive sentences.ÂÂ  LaPorte,
840 S.W.2d at 415.Â  In this case, there
is no question that both offenses arose from the same criminal episode,
culminating in the vehicle collision.Â 
The consecutive sentence was unlawful.Â 
Id.; see Robbins v. State, 914 S.W.2d 582, 584 (Tex. Crim. App.
1996).Â  The proper remedy for an improper
cumulation order is to delete the cumulation order.Â  Beedy,
250 S.W.3d at 113.Â  

Â Â Â Â Â Â Â Â Â Â Â  The State
suggests that we consider whether Taylor was required to object at trial to the
consecutive sentence in order to preserve error.Â  The Texas Court of Criminal Appeals and this Court have held that a contemporaneous objection is not
required to preserve a claim of error for an improper cumulation order.Â  LaPorte,
840 S.W.2d at 415; Jackson, 157 S.W.3d at 517. 

Â Â Â Â Â Â Â Â Â Â Â  Accordingly, we
modify the judgment to delete the language cumulating the sentences.Â  As modified, we affirm the trial courtÂs
judgment.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  December
6, 2010Â Â Â Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December
7, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.Â  See Tex.
GovÂt Code Ann. Â§ 73.001 (Vernon 2005).Â 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.Â  See
Tex. R. App. P. 41.3.

Â 





[2]This
was not a plea bargain case, and the State does not otherwise contend there was
a voluntary waiver of the right to concurrent sentences.Â  See
Ex parte McJunkins, 954 S.W.2d 39
(Tex. Crim. App. 1997) (holding that a defendant may waive a claim of error
regarding a cumulation order by entering a binding negotiated plea
agreement).Â  Here, the cumulative
sentence is not classified as a reversible error, but is an unlawful order. Â Beedy v.
State, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008). 

Â 





[3]Subsection
(b) allows consecutive sentences if ÂeachÂ of the convictions is for
intoxication manslaughter or intoxication assault.Â  Tex.
Penal Code Ann. Â§ 3.03(b)(1)(A).Â  Here, one of the convictions was for
aggravated assault, and subsection (b) does not apply to TaylorÂs case.