Affirmed as Modified and Opinion filed July 14, 2009








Affirmed as
Modified and Opinion filed July 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00051-CR

____________

 

DESMOND JEROD GRAYS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 44053

 



 

O P I N I O N

Appellant
Desmond Jerod Grays challenges the trial court=s order cumulating his sentence of 13
years for burglary of a habitation with his sentence of five years for
aggravated sexual assault of a child.  Appellant contends that the trial court
lacked authority to order cumulation of his sentences more than 30 days after
failing to orally order cumulation when pronouncing appellant=s sentence for burglary of a
habitation.  We modify the judgment and affirm the judgment as modified.








Background

On
November 15, 2007, a jury found appellant guilty of the offense of burglary of
a habitation and assessed punishment as confinement for 13 years.  The trial
court pronounced this sentence in appellant=s presence, at which time the
following occurred:

COURT:         Desmond Jerod Grays, the jury having
found you guilty of the offense of burglary of a habitation and having assessed
your punishment at 13 years confinement in the Texas Department of Criminal
Justice, I hereby sentence you to 13 years confinement in the Texas Department
of Criminal Justice Institutional Division, and I hereby remand you to the
custody of the Sheriff for delivery to the Director of the Texas Department of
Criminal Justice.

STATE:           Your Honor, I=d like to make an oral motion at this time that the
sentence in this case be stacked to run consecutively with the sentence in the
[aggravated sexual assault of a child] case.  I=ll be happy to prepare a written motion to accumulate the sentences as
well.  And I don=t know the proper time for you to rule on it, based on
the appeal [of the aggravated sexual assault of a child conviction], but I want
to put it on the record that I=m requesting it
at this time.

COURT:         Tell you what I=d like for you to do, since there is some question about
when the sentence would commence based upon the appeal of the previous
conviction, I=m going to ask that you submit a written motion and
submit any case law authority that you want to. [Appellant], you=re also C I=m sure [the State] will provide you with a copy of his
motion, and also, if you would like to submit any authority on, No. 1, whether
or not this can be stacked or run consecutively, and, No. 2, if so, when it
would be in effect based upon the appeal of the prior conviction.

DEFENSE:     Okay.

COURT:         And [the State], if you will submit a
proposed judgment with your motion.

STATE:           Yes, sir.

COURT:         And the Court will consider it at that
time.

STATE:           Thank you, Your Honor.

DEFENSE:     Thank you.








The
State filed a written motion to cumulate sentences on December 15, 2007. 
Appellant filed no objection to the State=s written motion.  Outside appellant=s presence, the trial court signed
its judgment and an order cumulating appellant=s sentences on December 18, 2007. 
Appellant did not file a motion for new trial.  Appellant appeals challenging
the cumulation of  his sentences. 

Analysis

Appellant
challenges the trial court=s judgment cumulating his sentences in the aggravated sexual
assault of a child and burglary of a habitation cases.  Appellant contends that
the trial court lacked authority to order cumulation of his sentences after
failing to orally order cumulation when pronouncing appellant=s sentence for burglary of a
habitation.  The State asserts that appellant waived any challenge to the trial
court=s cumulation order by failing to
object to the State=s oral and written motions to cumulate or file a motion for
new trial.  The State also asserts that appellant received proper notice of the
trial court=s intention to cumulate the sentences and agreed to the trial court=s procedure for doing so.

I.          Waiver

In the
usual circumstance, the record must show that a complaint was made to the trial
court by a timely objection or motion as a prerequisite to presenting that
complaint for appellate review.  Tex. R. App. P. 33.1(a)(1).  Typically, an
appellant may not assert error pertaining to his sentence or punishment when he
failed to object or otherwise raise the error in the trial court.  Mercado
v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); see also
Hull v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002); Harris v.
State, 204 S.W.3d 19, 27 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).








However,
an improper cumulation order is considered to be a void sentence, and such
error cannot be waived.  LaPorte v. State, 840 S.W.2d 412, 415 (Tex.
Crim. App. 1992) (en banc); Hendrix v. State, 150 S.W.3d 839, 852 (Tex.
App.CHouston [14th Dist.] 2004, pet. ref=d).  Because appellant challenges the
propriety of the December 18, 2007 cumulation order, the State=s waiver argument is unavailing and
we move to the merits of appellant=s argument.  See LaPorte, 840
S.W.2d at 415; Hendrix, 150 S.W.3d at 852.

II.        Merits of Appellant=s Argument     

Appellant
contends that the trial court lacked authority to cumulate his sentences more
than 30 days after pronouncing his sentence for burglary of a habitation and
remanding him into the custody of the Department of Criminal Justice because
the trial court did not orally order cumulation when sentencing appellant on
November 15, 2007.

A trial
court has authority to cumulate the sentences from two or more convictions
pursuant to Texas Code of Criminal Procedure article 42.08.   Tex. Code Crim.
Proc. Ann. art. 42.08(a) (Vernon 2006); Ex Parte Madding, 70 S.W.3d 131,
136 (Tex. Crim. App. 2002).  A trial court=s decision to cumulate sentences is
reviewed for abuse of discretion.  See Tex. Code Crim. Proc. Ann. art.
42.08(a); Ex Parte Madding, 70 S.W.3d at 136.  A defendant=s sentence commences on the day it is
pronounced by the trial court.  Tex. Code Crim. Proc. Ann. art. 42.09, _ 1 (Vernon Supp. 2008).

However,
if a trial court wishes to cumulate a defendant=s sentences, it must so order at the
time and place that sentence is orally pronounced.  Ex Parte Madding, 70
S.W.3d at 136.  Once a defendant is removed from the courtroom and begins
serving his sentence, it is too late to cumulate the sentence just imposed with
an earlier one.  Id.  A trial court does not have the statutory
authority to orally pronounce one sentence in the defendant=s presence, but enter a different
sentence in its written judgment outside the defendant=s presence.  Id.  The
rationale for this rule is that the imposition of sentence is the crucial
moment when all parties are physically present and able to hear and respond to
the sentence.  Id. at 135.








Here,
the trial court did not order cumulation of appellant=s sentences in open court while
pronouncing his sentence for burglary of a habitation.  Following pronouncement
of this sentence, appellant was taken into the custody of the Department of
Criminal Justice and began serving his sentence.  After these events
transpired, the trial court no longer retained authority to cumulate appellant=s sentences, and its attempt to do so
by written order on December 18, 2007 had no effect.  See id. at 136; but
cf. State v. Aguilera, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) (en banc)
(Aa trial court also retains plenary
power to modify its sentence if . . . the modification is made on the same day
as the assessment of the initial sentence and before the court adjourns for the
day.  The re-sentencing must be done in the presence of the defendant . . . .@).  Aguilera does not control
this case because the trial court did not Amodify@ the sentence originally pronounced
on the same day of the original pronouncement or in appellant=s presence.  See Aguilera, 165
S.W.3d at 697.      

The
State asserts that appellant may not complain of the trial court=s lack of authority to issue the
December 18, 2007 cumulation order because the trial court=s request that the State submit a
written motion to cumulate sentences put appellant on notice that the trial
court intended to do so.  The State further asserts that appellant agreed to
this procedure and may not complain about it for that reason.[1]

A
careful reading of the record confirms that the trial court did not pronounce
its intention to cumulate appellant=s sentences when it pronounced his
sentence in open court.  Rather, the trial court heard the State=s motion to cumulate and withheld
ruling on the motion until the State submitted a written motion with supporting
case law.  Such statements do not clearly establish the trial court=s intention to cumulate sentences. 
Furthermore, these statements do not constitute an oral pronouncement of cumulation
as required by Ex parte Madding.  See Ex parte Madding, 70 S.W.3d
at 136.








Nor do
these statements establish that appellant agreed to allow the trial court to
cumulate his sentences at a later date outside appellant=s presence.  Even assuming that
appellant did agree to such additional sentencing in absentia, the State offers
no authority establishing an exception to the statutory requirement that
sentencing for a felony offense must be pronounced in appellant=s presence.  See Tex. Code
Crim. Proc. Ann. art. 42.03, _ 1(a) (Vernon Supp. 2008); Tex. Code Crim. Proc. Ann. art.
42.14 (Vernon 2006).  

Nor does
the State offer any authority establishing an exception to the general rule
that when there is a conflict between the oral pronouncement of sentence in
open court and the sentence set out in the written judgment, the oral
pronouncement controls.  Thompson v. State, 108 S.W.3d 287, 290 (Tex.
Crim. App. 2003).  The solution in such a situation is to modify the written
judgment to conform to the trial court=s oral pronouncement.  Id.  

We hold
that Ex parte Madding controls the disposition of this case.  See Ex
parte Madding, 70 S.W.3d at 136.  We sustain appellant=s issue that the trial court lacked
authority to order cumulation of his sentences after failing to orally order
cumulation when pronouncing appellant=s sentence for burglary of a
habitation. The trial court=s oral pronouncement in open court, which did not include a
cumulation order, controls.

Conclusion

The
trial court=s judgment is modified to delete the order directing that the sentence in
this cause shall begin when the judgment and sentence in cause number 43523 has
ceased to operate, and that the sentence is to run consecutively to cause
number 43523.  As modified, the judgment  is affirmed.

 

 

/s/        William
J. Boyce

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.

Publish C Tex.
R. App. P. 47.2(b).

 









[1]  The Austin Court of Appeals recently addressed
similar arguments in an unpublished case.  See MacKenzie v. State, No.
03-06-00074-CR, 2007 WL 1295821, at *5-*6 (Tex. App.CAustin May 3, 2007, no pet.).