**John Layne LaPORTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1206–90.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1992.

Rehearing Denied Oct. 14, 1992.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

In a single trial based upon separate indictments a jury convicted appellant of possession of marihuana and possession of methamphetamine with intent to deliver. The jury assessed punishment at confinement for twenty-five years and thirty-five years, respectively. The trial court ordered that the sentence in the methamphetamine conviction be consecutive to that in the marihuana conviction. The Court of Appeals affirmed the convictions and rejected appellant's contention that the trial court erred in ordering the sentences to run consecutively.[1] *LaPorte v. State*, 800 S.W.2d 270 (Tex.App.—Houston [14th] 1990). We granted appellant's petition for discretionary review to determine whether the Court of Appeals was correct in holding that the State's failure to file a notice of consolidation as required by V.T.C.A. Penal Code, Section 3.02(b), precluded application of V.T.C.A. Penal Code, Section 3.03, and whether the trial court had authority to cumulate sentences for offenses prosecuted in a single action.[2]

The Court of Appeals relied upon *Caughorn v. State*, 549 S.W.2d 196 (Tex. Cr.App.1977), which held that the State's failure to file notice of consolidation in compliance with Section 3.02(b), meant the action did not constitute a single criminal action under Section 3.02. Therefore, the prohibition against cumulation provided in Section 3.03 did not apply. See also *Garza v. State*, 687 S.W.2d 325 (Tex.Cr.App.1985); *Smith v. State*, 575 S.W.2d 41 (Tex.Cr.App. 1979). For the reasons that follow, we believe *Caughorn* and the cases relying on it were wrongly decided.

The 1973 Penal Code brought significant changes to joinder and consolidation law in Texas. Prior to the enactment of this code the State could charge more than one "offense" in one indictment only if they arose from the same transaction. However, only one conviction was permitted when more than one offense was so joined. Joinder was greatly restricted by pleading rules (see e.g. Article 21.24, V.A.C.C.P., as then in effect) and the carving doctrine. See discussion in *Drake v. State*, 686 S.W.2d 935, 938–43 (Tex.Cr.App.1985). Chapter 3 of the 1973 Penal Code and corresponding changes to Article 21.24 allowed broader joinder in the area of property offenses by permitting separate offenses to be alleged in one charging instrument, and by permitting multiple convictions to be obtained under either one charging instrument or several charging instruments consolidated in a single trial. As long as the offenses met the definition of "criminal episode" under Section 3.01 and were tried in a single trial, multiple convictions were permissible either based upon one charging instrument

---

1. The Court of Appeals disposed of appellant's claim by finding he had not preserved error and by addressing his claim on the merits "in the interests of justice."

2. V.T.C.A. Penal Code, Section 3.02 reads in pertinent part:

   "(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

   "(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial."

   V.T.C.A. Penal Code, Section 3.03 states:
   "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he

or several.[3] Chapter 3 would then be applicable, including Section 3.03.

In implementing these changes the Legislature used the phrase "a single criminal action," but did not otherwise define this phrase. See Sections 3.02 and 3.03. In *Caughorn*, Commissioner Brown, writing for this Court, determined that because Section 3.02(b) required notice of consolidation whenever the State intended to prosecute more than one indictment in a single criminal action, a consolidated prosecution did not constitute "a single criminal action" *unless* such notice was given. None of the succeeding cases relying on *Caughorn* ever questioned this analysis. However, we now believe this conclusion was clearly erroneous, and overrule *Caughorn*.

Section 3.02 authorizes prosecution in a single criminal action for all offenses arising out of the same criminal episode. The basis for this prosecution may be either a single charging instrument or multiple charging instruments. See Article 21.01 *et seq.;* Article 21.24; and Section 3.02. Section 3.02(b) is simply a notice provision for the consolidation procedure. It "requires advance notice of the proposed joinder, if one or more of the offenses to be joined is separately charged, to notify the defendant and court. (If the joined offenses are alleged in the same indictment or information, as permitted by C.C.P. art. 21.24, both defendant and court are notified through that medium.)" Searcy & Patterson, *Practice Commentary,* V.T.C.A. Penal Code, Section 3.02 (Vernon 1974). Therefore, as noted in the Practice Commentary, Subsection (b) is simply a notice procedure for one of the two methods of charging offenses which are to be tried in a single trial.

Chapter 3 should be read as a whole. The main requisite is that the joined or consolidated offenses arise out of the same criminal episode. If offenses meet the requirements of Chapter 3 in terms of "criminal episode" and are tried in a single criminal action, Chapter 3 applies. Therefore, the State should give the notice required in Section 3.02(b) if several charging instruments are used. However, noncompliance with the notice provision does not take the proceeding out of Chapter 3 and somehow change it from a single criminal action involving consolidation of "same criminal episode" offenses into a non-Chapter 3 joinder trial.[4] Section 3.02(b) is "merely" a procedural requirement which can be waived if a defendant so chooses either affirmatively or by inaction. See also Article 1.14, V.A.C.C.P.

From all of this, it is clear the Legislature intended "a single criminal action" to refer to a single trial or plea proceeding. This notice provision of Section 3.02(b) does not change the nature of the proceeding as a single criminal action involving Chapter 3 when the offenses arise out of the same criminal episode. The language of Chapter 3 and the history of joinder and consolidation in light of the 1973 Penal Code mandate this interpretation. These provisions provide a trade-off; a prosecutor is encouraged to clear case dockets by trying more than one case in a single trial whenever multiple offenses arising from a single criminal episode are alleged against a single defendant, and a defendant benefits by not being burdened with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode. Section 3.04 provides a defendant the right to have separate trials if he so

has been found guilty shall be pronounced. Such sentences shall run concurrently."

3. In 1987, Section 3.01 was amended to expand the definition of "criminal episode" to permit a greater variety of offenses to be joined or consolidated for trial:
"In this chapter, 'criminal episode' means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

"(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
"(2) the offenses are the repeated commission of the same or similar offenses."

4. We do not here address the issue of consolidation for trial of offenses not arising out of the same criminal episode in which Chapter 3 is not implicated.

desires. Section 3.02(b) provides a defendant with 30 days notice that the State is going to proceed in a single trial on more than one indictment, so that he may have time to decide whether he wants separate trials. If no such notice is given he may either object to the lack of the notice when he discovers the State intends to prosecute for offenses based upon more than one indictment in a single trial, may request the severance provided by Section 3.04, or may waive the notice and proceed to trial on any charges presented by the State by not objecting to the lack of notice. If he objects to the lack of notice, the State would then have the option of proceeding on one indictment or of seeking a resetting of the trial so as to provide adequate notice. It is inconsistent with the obvious intent of Chapter 3 to allow the State the benefit of presenting evidence of more than one offense while denying the defendant the benefit of concurrent sentencing, solely because the State never gave formal notice of intent to consolidate prosecution of separate indictments in a single trial.

■ Therefore, we hold that a defendant is prosecuted in "a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode, as that term is defined in Chapter 3, are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply.

■ The trial court's general authority under Article 42.08, V.A.C.C.P., to order consecutive sentences is statutorily limited by Section 3.03 whenever a single criminal action arising out of the same criminal episode occurs, whether based upon a single charging instrument or several charging instruments. Whether the State complied with the notice provision for multiple charging instruments and whether a defendant properly preserved such complaint for appeal is a separate issue. If the facts show the proceeding is a single criminal action based on charges arising out of the

same criminal episode, the trial court may not order consecutive sentences. An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. *Levy v. State*, 818 S.W.2d 801 (Tex.Cr.App.1991). Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review.[5]

Accordingly, the judgments in Cause Nos. 493,626 and 493,627 from the 228th District Court in Harris County are reformed to delete the cumulation order. The judgment of the Court of Appeals is affirmed, as reformed.

---

**5.** See *Ex Parte Ashe*, 641 S.W.2d 243 (Tex.Cr. App.1982), and *Ex Parte Vasquez*, 712 S.W.2d 754 (Tex.Cr.App.1986), in which this Court vacated improper cumulation orders presented for the first time in application for post-conviction writs of habeas corpus.