OPINION


No. 04-02-00453-CR

No. 04-02-00454-CR

No. 04-02-00455-CR


Jeremy J. BAKER,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 175th Judicial District Court, Bexar County, Texas 

Trial Court Nos. 2000-CR-5748; 2001-CR-0183; 2001-CR-0184

Honorable Pat Priest, Judge Presiding (1)


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice 



Delivered and Filed: April 2, 2003


AFFIRMED AS REFORMED



 In a single proceeding based upon three separate indictments, defendant Jeremy Baker pled
guilty, without a plea recommendation, to sexual assault, aggravated sexual assault, and burglary of
a habitation with intent to commit sexual assault. The trial court assessed punishment at
confinement for twenty years, forty-five years, and forty-five years, respectively. The trial court
ordered that the sentence in the sexual assault conviction run consecutive to that in the aggravated
assault conviction, and the sentence in the burglary of a habitation conviction run consecutive to the
two assault convictions. In his sole issue on appeal, defendant asserts the trial court erred in
cumulating his sentences, and asks that the judgment be reformed so that all sentences run
concurrently. The State concedes the trial court erred in stacking the burglary of a habitation
sentence onto the two assault sentences, but asserts the case should be remanded for a new
sentencing hearing. Because the trial court erred in stacking the sentences, we reform the judgments
to delete the cumulation order and affirm as reformed.

DISCUSSION

 The trial court's general authority under Texas Code of Criminal Procedure article 42.08 to
order consecutive sentences is statutorily limited by Texas Penal Code section 3.03. See LaPorte
v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); see also Tex. Code. Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2003). Section 3.03 provides as follows: "When the accused is found guilty
of more than one offense arising out of the same criminal episode prosecuted in a single criminal
action, a sentence for each offense for which he has been found guilty shall be pronounced. Except
as provided by Subsection (b), the sentences shall run concurrently." Tex. Pen. Code Ann. § 3.03(a)
(Vernon Supp. 2002). None of the exceptions listed in subsection (b) apply here. The Penal Code
defines "same criminal episode" as "the commission of two or more offenses, regardless of whether
the harm is directed toward or inflicted upon more than one person or item of property, under the
following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant
to two or more transactions that are connected or constitute a common scheme or plan; or (2) the
offenses are the repeated commission of the same or similar offenses." Id. § 3.01 (Vernon 1994).
The Texas Legislature intended a "single criminal action" to refer to a single trial or plea proceeding.
LaPorte, 840 S.W.2d at 415; Tex. Code Crim. P. art. 42.08(a); Tex. Pen. Code Ann. § 3.03(a).
As such, a defendant is prosecuted in a "single criminal action" when allegations and evidence of
more than one offense arising out of the same criminal episode are presented in a single trial or plea
proceeding. LaPorte, 840 S.W.2d at 415.

 Here, each of the three offenses involved a different victim. However, section 3.03 expressly
provides that the defendant can direct the harm toward or inflict harm upon more than one person.
Tex. Pen. Code Ann. § 3.01. The issue here is whether two or all three of these offenses constitute
the "same criminal episode" as defined in Penal Code section 3.01. (2) The aggravated sexual assault
occurred on September 29, 1999 at approximately 5:30 a.m. near the victim's house on Hope's Ferry.
The sexual assault occurred almost ten months later on July 22, 2000 in the early morning hours
inside the victim's house on Hope's Ferry. The burglary of a habitation with intent to commit sexual
assault occurred a month later on August 29, 2000 at approximately 3:00 a.m. inside the victim's
house at the corner of Provision and Hope's Ferry. 

 Each offense was directed at a woman living on or near Hope's Ferry, occurred in or near her
home while she was alone, and took place in the early morning hours. This evidence establishes that
the three offenses were a continuing course of sexual assault of women living near Hope's Ferry.
See Corwin v. State, 870 S.W.2d 23, 27-29 (Tex. Crim. App. 1993) ("In abducting, raping, and
killing or attempting to kill five women in more or less the same way over the course of some
thirteen years, interrupted only by a lengthy sojourn in the penitentiary, appellant can reasonably be
said to have engaged in 'a regular mode or pattern of ... behavior.'"). In the alternative, because all
three offenses entailed sexual assault or attempted sexual assault, they are similar offenses. See
Hernandez v. State, 938 S.W.2d 503, 508-09 (Tex. App.--Waco 1997, pet. ref'd) (April 16 cocaine
sale and September 22 marijuana sale merely repetitious commissions of same offense); see also
Guidry v. State, 909 S.W.2d 584, 585 (Tex. App.--Corpus Christi 1995, pet. ref'd) (section 3.01(2)
does not impose a time differential between the commission of same or similar offenses).

 Because the State chose to try the cases together, the trial court's stacking order was
improper. (3) We reform the judgments to delete the cumulation orders. The judgments as reformed
are affirmed. 

 Sandee Bryan Marion, Justice

PUBLISH


 

1. The Honorable Pat Priest presided over the plea and punishment phase proceedings and signed the judgments
in these cases.
2. The parties do not dispute that the trial court conducted one plea proceeding for all three offenses at the same
time; thus, the "single criminal action" requirement of section 3.03 is satisfied.
3. Whether multiple offenses are tried in a single criminal action is discretionary with the State. Tex. Pen. Code
Ann. § 3.02(a)(Vernon 1994). Chapter 3 of the Penal Code represents a trade-off. LaPorte, 840 S.W.2d at 414. The
State is able to clear case dockets by trying more than one case in a single trial whenever multiple offenses arising from
a single criminal episode are alleged against a single defendant. Id. A criminal defendant benefits by not being burdened
with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode.
Id. To avoid the result of concurrent sentencing, the State need only proceed under sequential actions where each
proceeding is conducted separately.