Cadell JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–04–00051–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 12, 2005.

Decided Feb. 9, 2005.

Patrice Savage, Carthage, for appellant.

William M. Jennings, Dist. Atty., Ray Bowman, Asst. Dist. Atty., Longview, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice CARTER.

Cadell Jackson was convicted on two separate indictments, each charging him

with delivery of a controlled substance. The two cases were tried together before the same jury. After finding Jackson guilty on both charges, the jury assessed punishment at two years' confinement on each charge. The trial court sentenced Jackson to serve the two periods of confinement consecutively rather than concurrently. Jackson contends the trial court erred by ordering his sentence in cause number 26,267–B be "stacked" onto his sentence from the offense of delivery of a controlled substance, cause number 26,-269–B. The consecutive sentence is erroneous, and we will reform the judgment.

**Is a consecutive sentence authorized?**

In his sole issue before this Court, Jackson contends the trial court erred in stacking the two sentences when the two cases were tried in one trial. When the same defendant has been convicted in two or more cases, the trial court has the discretion to order the sentences to be served consecutively or concurrently. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.2004–2005). An exception to the general rule for cases involving illegal narcotics offenses is if the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently. TEX. HEALTH & SAFETY CODE ANN. § 481.132(d) (Vernon 2003).[1] A criminal episode is defined as the offenses that are "committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct;" or

---

1. The rules are the same for criminal cases that do not involve illegal narcotics. *See* TEX. PEN.CODE ANN. §§ 3.01, 3.03 (Vernon 2003).

"the repeated commission of the same or similar offenses." TEX. HEALTH & SAFETY CODE ANN. § 481.132(a)(1), (2) (Vernon 2003).

*LaPorte v. State,* 840 S.W.2d 412 (Tex. Crim.App.1992), is on point. In *LaPorte,* in a single trial based on separate indictments, a jury convicted LaPorte of possession of marihuana and possession of methamphetamine with intent to deliver. *Id.* at 413. The jury assessed punishment at confinement for twenty-five years and thirty-five years, respectively. *Id.* The trial court ordered that the sentence in the methamphetamine conviction be consecutive to that in the marihuana conviction. *Id.* The Texas Court of Criminal Appeals reversed the judgment. *Id.*

■■■ The court reasoned the Legislature intended a single criminal action to refer to a single trial or plea proceeding. *Id.* at 414. Section 3.03 applies whenever a defendant is prosecuted in a single criminal action, whether pursuant to one charging instrument or several. *Id.* at 415. The trial court's general authority under Article 42.08 to order consecutive sentences is statutorily limited by Section 3.03. *Id.* "If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *Id.* at 415. Therefore, the court held the judgments should be reformed to delete the cumulation order. *Id.*

Similarly, the two offenses here are the repeated commission of the same offense, which is the delivery of a controlled substance as stated in TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon 2003). Jackson and the State agree the offenses presented here constitute one criminal episode. Also, both offenses were tried in a single proceeding constituting a single criminal action; thus, Section 3.03 of the Texas Penal Code and Section 481.132(d) of the Texas Health and Safety Code apply. *See LaPorte,* 840 S.W.2d at 414. Since the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences. *See id.* at 415.

**Did Jackson waive a concurrent sentence?**

■■ *LaPorte* further held that "[a]n improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time.... Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review." *Id.* (citations omitted). After *La Porte,* the Texas Court of Criminal Appeals decided *Ex parte McJunkins,* 954 S.W.2d 39 (Tex.Crim.App. 1997), and found that a defendant could waive an improper cumulation order in one particular instance. McJunkins had been indicted for capital murder. *Id.* However, he pled guilty to two lesser information charges, and was convicted and sentenced, in accordance with a negotiated plea agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action. *Id.* McJunkins did not appeal, but filed an application for habeas corpus relief from the order that cumulated the sentences. *Id.* The Texas Court of Criminal Appeals held that his decisions not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode in accordance with a negotiated plea agreement, were valid waivers of this right to concurrent sentences. *Id.* at 41.

The State contends Jackson failed to object during voir dire when the trial court admonished the venire that the court

would order the sentences to be served either concurrently or consecutively, failed to object during the punishment phase when the trial court pronounced a cumulative sentence, and stated in his closing argument that the court would decide whether the sentences would run concurrently or consecutively. The State contends that the *McJunkins* case authorizes us to find that Jackson affirmatively waived his right to concurrent sentences. We disagree.

*McJunkins* is distinguishable from the facts of this case. McJunkins pled guilty to the charges of murder and aggravated robbery based on a negotiated plea agreement. The consecutive sentences were pronounced in accordance with the negotiated plea agreement. The Texas Court of Criminal Appeals found that McJunkins specifically accepted the imposition of consecutive sentences by the negotiated plea agreement, which he intelligently and voluntarily entered. In return, the State dismissed the capital murder indictment. In contrast, Jackson pled not guilty to both the charges, there was no negotiated plea agreement, and Jackson did not knowingly and intelligently accept the imposition of consecutive sentences. Further, the court in *McJunkins* specifically stated, "We should not be understood as holding that *LaPorte* ... was wrongly decided." *Id.* *McJunkins* is limited to instances when the defendant makes a counseled, intelligent, and voluntary waiver or his or her right to concurrent sentences. Therefore, *LaPorte* governs, and for the above-stated reasons, Jackson's failure to object to the cumulation order does not waive the error.

Accordingly, the judgment in cause number 29,267–B from the 124th Judicial District Court of Gregg County is reformed to delete the cumulation order. As reformed, we affirm the judgment of the trial court.