In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00051-CR
______________________________


CADELL JACKSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29267-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Cadell Jackson was convicted on two separate indictments, each charging him with delivery
of a controlled substance. The two cases were tried together before the same jury. After finding
Jackson guilty on both charges, the jury assessed punishment at two years' confinement on each
charge. The trial court sentenced Jackson to serve the two periods of confinement consecutively
rather than concurrently. Jackson contends the trial court erred by ordering his sentence in cause
number 26,267-B be "stacked" onto his sentence from the offense of delivery of a controlled
substance, cause number 26,269-B. The consecutive sentence is erroneous, and we will reform the
judgment. 
Is a consecutive sentence authorized? 
            In his sole issue before this Court, Jackson contends the trial court erred in stacking the two
sentences when the two cases were tried in one trial. When the same defendant has been convicted
in two or more cases, the trial court has the discretion to order the sentences to be served
consecutively or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2004–2005). 
An exception to the general rule for cases involving illegal narcotics offenses is if the accused is
found guilty of more than one offense arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which the accused has been found guilty shall be
pronounced, and those sentences run concurrently. Tex. Health & Safety Code Ann.
§ 481.132(d) (Vernon 2003).


 A criminal episode is defined as the offenses that are "committed
pursuant to the same transaction or pursuant to two or more transactions that are connected or
constitute a common scheme, plan, or continuing course of conduct;" or "the repeated commission
of the same or similar offenses." Tex. Health & Safety Code Ann. § 481.132(a)(1), (2) (Vernon
2003). 
            Laporte v. State, 840 S.W.2d 412 (Tex. Crim. App. 1992), is on point. In LaPorte, in a
single trial based on separate indictments, a jury convicted LaPorte of possession of marihuana and
possession of methamphetamine with intent to deliver. Id. at 413. The jury assessed punishment
at confinement for twenty-five years and thirty-five years, respectively. Id. The trial court ordered
that the sentence in the methamphetamine conviction be consecutive to that in the marihuana
conviction. Id. The Texas Court of Criminal Appeals reversed the judgment. Id. 
            The court reasoned the Legislature intended a single criminal action to refer to a single trial
or plea proceeding. Id. at 414. Section 3.03 applies whenever a defendant is prosecuted in a single
criminal action, whether pursuant to one charging instrument or several. Id. at 415. The trial court's
general authority under Article 42.08 to order consecutive sentences is statutorily limited by Section
3.03. Id. "If the facts show the proceeding is a single criminal action based on charges arising out
of the same criminal episode, the trial court may not order consecutive sentences." Id. at 415. 
Therefore, the court held the judgments should be reformed to delete the cumulation order. Id. 
            Similarly, the two offenses here are the repeated commission of the same offense, which is
the delivery of a controlled substance as stated in Tex. Health & Safety Code Ann. § 481.112(b)
(Vernon 2003). Jackson and the State agree the offenses presented here constitute one criminal
episode. Also, both offenses were tried in a single proceeding constituting a single criminal action;
thus, Section 3.03 of the Texas Penal Code and Section 481.132(d) of the Texas Health and Safety
Code apply. See LaPorte, 840 S.W.2d at 414. Since the proceeding is a single criminal action based
on charges arising out of the same criminal episode, the trial court may not order consecutive
sentences. See id. at 415. 
Did Jackson waive a concurrent sentence?
            LaPorte further held that "[a]n improper cumulation order is, in essence, a void sentence, and
such error cannot be waived. A defect which renders a sentence void may be raised at any time . . . . 
Consequently, a contemporaneous objection is not necessary to preserve the error for appellate
review." Id. (citations omitted). After La Porte, the Texas Court of Criminal Appeals decided Ex
parte McJunkins, 954 S.W.2d 39 (Tex. Crim. App. 1997), and found that a defendant could waive
an improper cumulation order in one particular instance. McJunkins had been indicted for capital
murder. Id. However, he pled guilty to two lesser information charges, and was convicted and
sentenced, in accordance with a negotiated plea agreement in which he specifically accepted the
imposition of consecutive sentences in a single criminal action. Id. McJunkins did not appeal, but
filed an application for habeas corpus relief from the order that cumulated the sentences. Id. The
Texas Court of Criminal Appeals held that his decisions not to request a severance, and to accept the
imposition of consecutive sentences imposed in a single criminal action for two offenses arising out
of the same criminal episode in accordance with a negotiated plea agreement, were valid waivers of
this right to concurrent sentences. Id. at 41. 
            The State contends Jackson failed to object during voir dire when the trial court admonished
the venire that the court would order the sentences to be served either concurrently or consecutively,
failed to object during the punishment phase when the trial court pronounced a cumulative sentence,
and stated in his closing argument that the court would decide whether the sentences would run
concurrently or consecutively. The State contends that the McJunkins case authorizes us to find that
Jackson affirmatively waived his right to concurrent sentences. We disagree. 
            McJunkins is distinguishable from the facts of this case. McJunkins pled guilty to the charges
of murder and aggravated robbery based on a negotiated plea agreement. The consecutive sentences
were pronounced in accordance with the negotiated plea agreement. The Texas Court of Criminal
Appeals found that McJunkins specifically accepted the imposition of consecutive sentences by the
negotiated plea agreement, which he intelligently and voluntarily entered. In return, the State
dismissed the capital murder indictment. In contrast, Jackson pled not guilty to both the charges,
there was no negotiated plea agreement, and Jackson did not knowingly and intelligently accept the
imposition of consecutive sentences. Further, the court in McJunkins specifically stated, "We should
not be understood as holding that LaPorte . . . was wrongly decided." Id. McJunkins is limited to
instances when the defendant makes a counseled, intelligent, and voluntary waiver or his or her right
to concurrent sentences. Therefore, LaPorte governs, and for the above-stated reasons, Jackson's
failure to object to the cumulation order does not waive the error. 
            Accordingly, the judgment in cause number 29,267-B from the 124th Judicial District Court
of Gregg County is reformed to delete the cumulation order. As reformed, we affirm the judgment
of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 12, 2005
Date Decided:             February 9, 2005

Publish