NUMBER 13-03-00063-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

GEORGE GUO,                                                                                 Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

   On appeal from the 268th District Court of Fort Bend
County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Pursuant to a plea agreement, appellant, George Guo,
pleaded guilty to the offense of burglary of a habitation with intent to commit
sexual assault.  The trial court found
appellant guilty and, in accordance with the plea agreement, assessed appellant=s punishment at fourteen years= imprisonment. 
The trial court ordered that appellant=s
sentence in this case run consecutively with any sentence imposed prior to the
date of this sentence.  The trial court
has certified that this Ais a plea-bargain case, but the trial court has
given permission to appeal, and the defendant has the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By a single point of error, appellant
contends the trial court=s cumulation order is void because it lacks
sufficient detail.  We affirm.

We must first determine whether appellant preserved
error for appellate review.  In order to
preserve error for appellate review, a party must present a timely objection to
the trial court, state with sufficient specificity the grounds for the
objection, and obtain a ruling.  Tex. R. App. P. 33.1(a).  An appellant may not complain of error
regarding his sentence or punishment if he has failed to object or otherwise
raise error in the trial court.  Mercado
v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Ramirez v. State,
89 S.W.3d 222, 231 (Tex. App.BCorpus Christi 2002, no pet.).[1]

The record reflects that appellant did not object to
the cumulation order at trial.  Although
appellant filed a motion for reconsideration of the cumulation order after
sentencing, he failed to object to the sufficiency of the cumulation
order.  Because no objection or complaint
of error was raised in the trial court concerning appellant=s cumulative sentence, we hold he waived his right
to object on appeal.  Appellant=s sole point of error is overruled.  








The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.

 

 

 

 











[1]
We recognize that Texas
courts have held that an improper cumulation order is, in essence, a void
sentence, and such error cannot be waived.  
See Laporte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992);
Jackson v. State, 157 S.W.3d 514, 517 (Tex. App.BTexarkana 2005, no pet.); Hendrix
v. State, 150 S.W.3d 839, 852 (Tex. App.BHouston [14th Dist.] 2004, pet. ref=d). 
However, those cases involve the cumulation of sentences that arise out
of a Asingle criminal episode@ prosecuted in a Asingle criminal action.@ See Tex. Pen. Code Ann. ' 3.03 (Vernon 2003); see also
Duran v. State, 844 S.W.2d 745, 746 (Tex. Crim. App. 1992) (holding
Laporte not controlling because no evidence that single criminal action
occurred).