In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00147-CR

                                                ______________________________

 

 

                                 WILLIE KELTON TAYLOR,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-28819

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION 

 

            Following a
major vehicle collision, Willie Kelton Taylor was charged in the same
indictment for aggravated assault with a deadly weapon and intoxication
assault.  Taylor was found guilty of both
offenses in the 217th Judicial District Court of Angelina County.[1]  After pleading “true” to an enhancement paragraph,
Taylor was sentenced to fifteen years’ imprisonment for aggravated assault with
a deadly weapon.  As to intoxication
assault, the trial court imposed the following sentence: 

UPON
COMPLETION OF THE SENTENCE IN COUNT I, THEN DEFENDANT IS SENTENCED AS FOLLOWS
FOR COUNT II AND THE SENTENCE BEGINS UPON DEFENDANT’S RELEASE ON PAROLE OR
OTHERWISE, FROM TDCJ-INSTITUTIONAL DIVISION IN COUNT I: TEN (10) YEARS
INSTITUTIONAL DIVISION, TDCJ, PROBATED FOR TEN (10) YEARS. 

 

Taylor contends the consecutive sentence is void.  The State, with professional candor, concedes
that the trial court erred in “stacking” the sentences.[2]  We modify the judgment, and we affirm the
modified judgment. 

            Generally,
a trial court has authority to order sentences to run concurrently or
consecutively.  Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2010).  However, a trial court’s discretion is
limited by Section 3.03 of the Texas Penal Code, which reads: 

When
the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced.  Except as provided by Subsection (b), the
sentences shall run concurrently.[3]  

 

Tex. Penal Code Ann.
§ 3.03 (Vernon Supp. 2010); LaPorte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); see Jackson v. State, 157 S.W.3d 514, 516 (Tex. App.—Texarkana
2005, no pet.).  “If the facts show the
proceeding is a single criminal action based on charges arising out of the same
criminal episode, the trial court may not order consecutive sentences.”  LaPorte,
840 S.W.2d at 415.  In this case, there
is no question that both offenses arose from the same criminal episode,
culminating in the vehicle collision. 
The consecutive sentence was unlawful. 
Id.; see Robbins v. State, 914 S.W.2d 582, 584 (Tex. Crim. App.
1996).  The proper remedy for an improper
cumulation order is to delete the cumulation order.  Beedy,
250 S.W.3d at 113.  

            The State
suggests that we consider whether Taylor was required to object at trial to the
consecutive sentence in order to preserve error.  The Texas Court of Criminal Appeals and this Court have held that a contemporaneous objection is not
required to preserve a claim of error for an improper cumulation order.  LaPorte,
840 S.W.2d at 415; Jackson, 157 S.W.3d at 517. 

            Accordingly, we
modify the judgment to delete the language cumulating the sentences.  As modified, we affirm the trial court’s
judgment.  

 

                        

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          December
6, 2010       

Date Decided:             December
7, 2010

 

Do Not Publish           

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]This
was not a plea bargain case, and the State does not otherwise contend there was
a voluntary waiver of the right to concurrent sentences.  See
Ex parte McJunkins, 954 S.W.2d 39
(Tex. Crim. App. 1997) (holding that a defendant may waive a claim of error
regarding a cumulation order by entering a binding negotiated plea
agreement).  Here, the cumulative
sentence is not classified as a reversible error, but is an unlawful order.  Beedy v.
State, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008). 

 





[3]Subsection
(b) allows consecutive sentences if “each” of the convictions is for
intoxication manslaughter or intoxication assault.  Tex.
Penal Code Ann. § 3.03(b)(1)(A).  Here, one of the convictions was for
aggravated assault, and subsection (b) does not apply to Taylor’s case. 








There were no
other vehicles encountered in the area when Moore was traveling at extremely
high rates of speed during the chase.  

            In
a similar case, the Tyler Court of Appeals found the evidence sufficient to
sustain a deadly weapon finding where the appellant fled from the police at
speeds that reached 100 miles per hour. 
In that case, even though the driver crossed into the oncoming lanes of
traffic around blind curves and paid no heed to traffic control measures, there
were no cars in his path at the time. 
Thus, the danger was merely hypothetical.  Jones
v. State, No. 12-07-00308-CR, 2008 WL 2814877 (Tex. App.—Tyler July
23, 2008, pet. ref’d) (mem. op., not designated for publication).[6]  In addition to hypothetical dangers, Jones involved actual danger illustrated
by the fact that Jones narrowly missed a motorcycle, almost lost control of his
own vehicle, another car had to move into a driveway to avoid Jones, and Jones
encountered several oncoming vehicles while traveling at a high rate of speed
and not keeping solely to his own lane.  Id. at *3.  The evidence was, therefore, sufficient to
sustain the deadly weapon finding.  

            The
State argues that Moore posed actual danger in the way he operated his
vehicle.  It is apparent that Moore
caused actual injury to Barnes, who was struck by the rear quarter panel of
Moore’s truck as he turned his truck and sped off in order to elude
capture.  As a result of this contact,
Barnes was taken to the hospital for an injury to his knee and was required to
wear a knee brace for two weeks.  As a
result, Barnes was off duty for a period of time.  To be sure, the injury sustained by Barnes
could have been much more severe.  The
video recording viewed by the jury reveals that Barnes, as well as the other
officers, were standing within inches of Moore’s truck when he suddenly sped
off into a U-turn.  While it is
questionable whether Barnes’ injury meets the statutory definition of “severe
bodily injury,” it is not required that an actual severe bodily injury be
sustained, only that Barnes had been “placed in danger of serious bodily injury
or death” in order to show the vehicle was capable of causing death or serious
bodily injury.  Williams, 946 S.W.2d at 435. 
As this Court stated in Drichas v.
State, 219 S.W.3d 471, 476 n.5 (Tex. App.—Texarkana 2007, pet. ref’d),
police officers should not be excluded from the class of persons capable of
being endangered by the driver of a fleeing vehicle.  

            All
that is required for a motor vehicle to be considered a deadly weapon is that
it be used in a manner capable of causing death or serious bodily injury and
that it pose an actual risk.  The
evidence in the present case met that burden. 
The manner in which Moore operated his truck posed actual danger to
Barnes as well as to the other officers in proximity to his truck at the time
he rapidly accelerated the truck, a course of action which dangerously swung it
out in the path of the officers, who were forced to move quickly back from the
truck in order to avoid being struck. 
The danger to the deputies was not theoretical, it was real.  The evidence here, when viewed in a light
most favorable to the jury’s verdict, supports the conclusion that a rational
fact-finder could have found, beyond a reasonable doubt, that Moore used his
truck as a deadly weapon during the commission of the offense of evading arrest
or detention, or immediate flight from said offense.  

IV.       Conclusion

            We affirm the judgment of the trial
court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July 29, 2011

Date Decided:             August 2, 2011

 

Do Not Publish











[1]Tex. Penal Code Ann. § 38.04 (West
2011).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (West 2005).  We are unaware of
any conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[3]The
chase was captured on three separate video recordings from the responding
officers’ patrol vehicles.  

 





[4]The
jury was asked, during the punishment phase of the trial, whether Moore used a
deadly weapon and answered in the affirmative.  See Lafleur
v. State, 106 S.W.3d 91, 94–96 (Tex. Crim. App. 2003) (jury may make
affirmative finding through deadly weapon special issue included in jury
charge). Such finding was recorded in the judgment.  A deadly weapon finding limits a defendant’s
eligibility for community supervision and parole.  Tex.
Code Crim. Proc. Ann. art. 42.12, §3g(a)(2) (West Supp. 2011); Tex. Gov’t Code Ann. §§ 508.145,
508.149, 508.151 (West Supp. 2011).

 

An affirmative deadly weapon finding has a negative
impact on a defendant’s eligibility for community supervision, parole, and
mandatory supervision.  Mann v. State, 58 S.W.3d 132, 133 (Tex.
Crim. App. 2001).

 





[5]The
applicable sentencing range was enhanced based on Moore’s plea of true to a
prior felony conviction.  Tex. Penal Code Ann. § 12.42 (West
2011).





[6]Unpublished
opinions may be cited to illustrate the reasoning employed when faced with
similar facts “rather than simply arguing without reference, that same
reasoning.”  Carrillo v. State, 98 S.W.3d 789, 794 (Tex. App.––Amarillo 2003,
pet. ref’d).