

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00147-CR

_____

WILLIE KELTON TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-28819

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Following a major vehicle collision, Willie Kelton Taylor was charged in the same indictment for aggravated assault with a deadly weapon and intoxication assault. Taylor was found guilty of both offenses in the 217th Judicial District Court of Angelina County.[1] After pleading "true" to an enhancement paragraph, Taylor was sentenced to fifteen years' imprisonment for aggravated assault with a deadly weapon. As to intoxication assault, the trial court imposed the following sentence:

> UPON COMPLETION OF THE SENTENCE IN COUNT I, THEN DEFENDANT IS SENTENCED AS FOLLOWS FOR COUNT II AND THE SENTENCE BEGINS UPON DEFENDANT'S RELEASE ON PAROLE OR OTHERWISE, FROM TDCJ-INSTITUTIONAL DIVISION IN COUNT I: TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ, PROBATED FOR TEN (10) YEARS.

Taylor contends the consecutive sentence is void. The State, with professional candor, concedes that the trial court erred in "stacking" the sentences.[2] We modify the judgment, and we affirm the modified judgment.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]This was not a plea bargain case, and the State does not otherwise contend there was a voluntary waiver of the right to concurrent sentences. *See Ex parte McJunkins*, 954 S.W.2d 39 (Tex. Crim. App. 1997) (holding that a defendant may waive a claim of error regarding a cumulation order by entering a binding negotiated plea agreement). Here, the cumulative sentence is not classified as a reversible error, but is an unlawful order. *Beedy v. State*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008).

Generally, a trial court has authority to order sentences to run concurrently or consecutively. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2010). However, a trial court's discretion is limited by Section 3.03 of the Texas Penal Code, which reads:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.[3]

TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2010); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); *see Jackson v. State*, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.). "If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *LaPorte*, 840 S.W.2d at 415. In this case, there is no question that both offenses arose from the same criminal episode, culminating in the vehicle collision. The consecutive sentence was unlawful. *Id.*; *see Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996). The proper remedy for an improper cumulation order is to delete the cumulation order. *Beedy*, 250 S.W.3d at 113.

The State suggests that we consider whether Taylor was required to object at trial to the consecutive sentence in order to preserve error. The Texas Court of Criminal Appeals and this Court have held that a contemporaneous objection is not required to preserve a claim of error for an improper cumulation order. *LaPorte*, 840 S.W.2d at 415; *Jackson*, 157 S.W.3d at 517.

---

[3] Subsection (b) allows consecutive sentences if "each" of the convictions is for intoxication manslaughter or intoxication assault. TEX. PENAL CODE ANN. § 3.03(b)(1)(A). Here, one of the convictions was for aggravated assault, and subsection (b) does not apply to Taylor's case.

Accordingly, we modify the judgment to delete the language cumulating the sentences. As modified, we affirm the trial court's judgment.


                                        Jack Carter
                                        Justice


Date Submitted:        December 6, 2010
Date Decided:          December 7, 2010

Do Not Publish