**Opinion filed August 21, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00258-CR, 11-13-00259-CR, 11-13-00260-CR, 11-13-00261-CR, 11-13-00262-CR, 11-13-00263-CR, 11-13-00264-CR, & 11-13-00265-CR

_____

## BARRY CHAD BEAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause Nos. 2564, 2565, 2566, 2567, 2568, 2569, 2570, & 2571**

## M E M O R A N D U M   O P I N I O N

The State charged Appellant by information with eight separate cases of burglary of a habitation. Appellant waived indictment, and in a single proceeding, he pleaded guilty to each one of the charges. The trial court found Appellant guilty of each offense and assessed his punishment at confinement for fifteen years in Cause Nos. 2564 and 2565. It assessed Appellant's punishment at confinement for

ten years in Cause Nos. 2566 through 2571. The trial court also ordered that the sentence in Cause No. 2565 was to run consecutively to the sentence in Cause No. 2564. We modify the trial court's judgment in Cause No. 2565 to delete the cumulation order, and as modified, we affirm. We also affirm the remaining judgments.

Appellant presents us with one common issue in each appeal, and in Cause No. 2565 (our Cause No. 11-13-00259-CR), he adds an additional issue. The issue common to all eight appeals is that "the trial court erred in admitting testimony regarding extraneous acts prior to appellant having been found guilty." We will address the common issue first.

The essence of Appellant's argument is that Appellant's prior criminal record was admissible only after a finding of guilt and that the trial court did not find Appellant guilty at the initial plea hearing. It was not until the conclusion of a subsequent punishment hearing—held following the preparation of a presentence investigation report—that the trial court found Appellant guilty. It was at this hearing, prior to the formal entry of a finding of guilt, that testimony was admitted regarding Appellant's prior criminal record. Therefore, argues Appellant, the trial court erred when it admitted evidence of Appellant's criminal record prior to the time that it found Appellant guilty.

The evidence to which Appellant refers concerns a prior assault as well as a case in which Appellant allegedly was placed on probation for "trafficking steroids." The State argues that these offenses had nothing to do with Appellant's guilt and that all of the evidence regarding his guilt had already been presented in the earlier plea hearing. It maintains that the evidence presented at the plea hearing was sufficient to support a finding of guilt as of the conclusion of that hearing and that, at that point, the guilt/innocence phase of the proceedings effectively was

over. Moreover, the State argues that Appellant has waived the admissibility issue by failing to object at the time that the evidence was offered in the trial court.

We agree that Appellant has waived the issue. The record shows that no objection was made to the admission of the testimony. Consequently, the complaint has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Freeman v. State*, 230 S.W.3d 392, 407–08 (Tex. App.—Eastland 2007, pet. ref'd). Appellant's issues in all appeals other than Cause No. 11-13-00259-CR are overruled, as is Appellant's first issue on appeal in Cause No. 11-13-00259-CR.

In Appellant's second issue in our Cause No. 11-13-00259-CR, he complains that "the trial court erred in ordering appellant's sentence to run consecutively, rather than concurrently, with another case arising out of the same criminal episode." *See* TEX. PENAL CODE ANN. § 3.01(2) (West 2011), § 3.03 (West Supp. 2013). "Criminal episode" is the statutory term that relates, among other things, to the commission of two or more offenses when "the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01(2). The State concedes in its briefing that, under the holdings in *Robbins v. State*, 914 S.W.2d 582 (Tex. Crim. App. 1996); *Duran v. State*, 844 S.W.2d 745 (Tex. Crim. App. 1992); and *LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim. App. 1992), "the trial court's handling of Appellant's cases would be considered a 'single criminal action.'" We agree. Here, the offenses constituted a criminal episode, and they were tried in a single proceeding. When a defendant is prosecuted in a single criminal action, whether pursuant to one or several charging instruments, that is based on charges arising out of the same criminal episode, it is improper for the trial court to cumulate sentences. PENAL § 3.03; *Jackson v. State*, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.).

The trial court improperly cumulated the sentence in Cause No. 2565 so that it was to run consecutively to the sentence in Cause No. 2564. We sustain Appellant's second issue on appeal in our Cause No. 11-13-00259-CR

The appropriate remedy in this situation is for this court to modify the judgment of the trial court to delete the cumulation order. *LaPorte*, 840 S.W.2d at 415; *see* TEX. R. APP. P. 43.2. Accordingly, we modify the judgment of the trial court in Cause No. 2565 to delete the complained-of cumulation order; as modified, we affirm that judgment. We affirm the judgments of the trial court in Cause Nos. 2564, 2566, 2567, 2568, 2569, 2570, and 2571.

JOHN M. BAILEY

JUSTICE

August 21, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4