**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00128-CR**
**NO. 09-19-00129-CR**
**NO. 09-19-00130-CR**
**NO. 09-19-00131-CR**
_____

**REGINA CARRIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 17-28407, 18-28994, 18-30153, 18-30154**

**ORDER**

Appellant Regina Carrier pleaded guilty in an open plea to four theft charges. In each case, the trial court found Carrier guilty, imposed a sentence of two years of confinement in a state jail facility, and ordered that the sentences would run consecutively.

1

Carrier's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 13, 2019, we granted an extension of time in each case for Carrier to file a *pro se* brief. We received no response from Carrier.

Our review of the record reveals arguable error regarding the trial court's cumulation order. A trial court has the authority to order sentences to run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (West 2018). However, the trial court's discretion is limited by section 3.03 of the Penal Code, which provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." Tex. Penal Code Ann. § 3.03(a) (West Supp. 2018). A defendant is prosecuted in a single criminal action whenever the allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding, and the provisions of section 3.03 of the Texas Penal Code apply. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Because Carrier's cases involved repeated commission of the same offense, they arise out of the same

2

criminal episode. *See* Tex. Penal Code Ann. § 3.01 (West 2011) (defining repeated commission of the same or similar offenses as a criminal episode). We therefore conclude that arguable error exists with respect to the trial court's order that Carrier's sentences would run consecutively. Having found arguable error, we must remand the case to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

It is, therefore, ORDERED that the appeal is ABATED and the cause is REMANDED to the trial court for appointment of new counsel for the appellant, Regina Carrier. A supplemental clerk's record containing the order appointing new counsel shall be filed with the trial court by September 13, 2019. The brief of the appellant shall be due thirty days after the appeal is reinstated. The State's brief shall be due thirty days after the appellant's brief is filed. We remove the case from the submitted docket. The appeal will be re-submitted after the briefs on the merits have been filed.

ORDER ENTERED August 15, 2019.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.

3