**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00128-CR**
**NO. 09-19-00129-CR**
**NO. 09-19-00130-CR**
**NO. 09-19-00131-CR**

_____

**REGINA CARRIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 17-28407, 18-28994, 18-30153, 18-30154**

**MEMORANDUM OPINION**

Appellant Regina Carrier pleaded guilty in an open plea to four theft charges. In each case, the trial court found Carrier guilty, imposed a sentence of two years of confinement in a state jail facility, and ordered that the sentences would run consecutively. Carrier challenges the trial court's orders cumulating her sentences in each cause and the assessment of court costs in trial cause numbers 18-28994, 18-

1

30153, and 18-30154. The State concedes error as to both issues. We affirm the trial court's judgments in each cause as modified.

The record indicates that Carrier pleaded guilty to the offenses within the same plea proceeding without the causes being called separately, and the trial judge likewise sentenced Carrier without calling the causes separately and without dealing with one cause before proceeding with the next. When sentencing Carrier, the trial judge purported to order as follows: "[T]hose shall run consecutively, one at a time, and after each one, beginning with the earliest number 28407 is finished, you will then pick up the 2 years on 28994, thereafter 30153 and then 30154." The trial court's judgments in each cause number contain cumulation orders and state that the sentence shall run consecutively.

A trial court may order sentences to run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08. However, the trial court's discretion is limited by section 3.03 of the Penal Code, which provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." Tex. Penal Code Ann. § 3.03(a). A defendant is prosecuted in a single criminal action whenever the allegations and evidence of more

2

than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding, and the provisions of section 3.03 of the Penal Code apply. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Because Carrier's cases involved repeated commission of the same offense, they arise out of the same criminal episode. *See* Tex. Penal Code Ann. § 3.01 (defining repeated commission of the same or similar offenses as a criminal episode). We sustain issue one and modify the trial court's judgments in trial cause numbers 17-28407, 18-28994, 18-30153, and 18-30154 by modifying the first page of said judgments to reflect that the sentence shall run concurrently and by deleting the cumulation order that appears on the second page of each judgment.

In issue two, Carrier argues that the trial court erred by assessing costs in each of the causes instead of only once. The record reflects that the court assessed costs of $329 in trial cause numbers 17-28407, 18-28994, 18-30153, and 18-30154. Article 102.073(a) of the Texas Code of Criminal Procedure provides as follows: "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a). As explained above, the trial court prosecuted Carrier for all four theft offenses in a single criminal action. Therefore, the trial court's imposition of $329 in court costs

more than once was improper. *See id*. We sustain issue two and modify the trial court's judgments in trial cause numbers 18-28994, 18-30153, and 18-30154 by deleting $329 from the "Court Costs" section of the first page of the judgments in those causes. We affirm the trial court's judgments in each cause as modified.

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 14, 2019
Opinion Delivered November 20, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

4