

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00118-CR

SANTIGIE FULLAH KABIA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F1410-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Santigie Fullah Kabia challenges his conviction for theft on the ground that his two-year sentence of confinement should run concurrently, instead of consecutively, to the sentences imposed in his three other companion cases.[1]  Kabia argues that his sentences cannot be "stacked" because this offense and Kabia's companion offenses were part of the same criminal episode.  Because we sustain Kabia's point of error, we modify the trial court's judgment to delete the trial court's cumulation order and to correct other minor clerical errors.  As modified, we affirm the trial court's judgment.

## I.    Factual and Procedural Background

Kabia pled guilty to theft of under $2,500.00 and admitted that he had two prior convictions for theft, making the offense a state jail felony.  *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Supp.).  Pursuant to the terms of Kabia's plea bargain, the trial court sentenced him to two years' confinement, determined that his sentence would run concurrently with the sentences assessed in the companion cases, but suspended the sentence in favor of placing him on regular community supervision for five years.

The State later moved to revoke Kabia's community supervision because he committed another offense, failed to report to his community supervision officer, and did not complete his community service work as ordered, among other things.  Kabia pled not true to the State's allegations in the revocation motion.  After an evidentiary hearing, the trial court found the allegations true, revoked Kabia's community supervision, and imposed a sentence of two years'

---

[1]In companion cases 06-23-00119-CR and 06-23-00120-CR, Kabia appeals two other convictions for theft.  In companion case 06-23-00121-CR, Kabia appeals a conviction for evading arrest.

confinement, but ordered the sentence to run consecutively to his companion cases instead of concurrently.[2]

## II. Kabia's Sentences Were Required to Run Concurrently

We review a trial court's cumulation order for abuse of discretion. *See Pettigrew v. State*, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001); *Privette v. State*, 594 S.W.3d 629, 631 (Tex. App.—Texarkana 2019, no pet.).[3]

Typically, a trial court has the power to cumulate sentences upon revocation of community supervision, regardless of whether its judgment placing a person on community supervision provided for the cumulation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Supp.); *McCullar v. State*, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984). This power, however, is limited by Section 3.03 of the Texas Penal Code, which states, in relevant part, that, "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall . . . run concurrently." TEX. PENAL CODE ANN. § 3.03(a) (Supp.). By its plain language, "[w]hen Section 3.03(a) applies, it limits the trial court's general statutory authority to impose consecutive, or cumulative, sentences." *Privette*, 594 S.W.3d at 631 (citing TEX. CODE CRIM. PROC. ANN. art. 42.08; *LaPorte*, 840 S.W.2d at 415).

---

[2]Pursuant to the terms of his original plea bargain, the trial court also imposed a $500.00 fine and ordered Kabia to pay $1,500.00 in reimbursement fees.

[3]The State questions whether Kabia failed to preserve this issue by failing to object to the trial court's cumulation order. "[A]n improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. . . . Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review." *Jackson v. State*, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.) (quoting *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. 2017) (orig. proceeding)).

As a result, if Kabia's offenses arose out of the same criminal episode and were prosecuted in a single criminal action, the trial court could not "stack" Kabia's sentence with the sentences assessed in his companion cases. The Texas Penal Code defines the term "criminal episode" as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> > (1)     the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
> >
> > (2)     the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

Here, the record shows that, in October 2020, Kabia repeated the commission of theft three times and evaded arrest pursuant to a common scheme to steal eyeglasses from different eyewear retailers. Accordingly, the State concedes that all four of Kabia's offenses occurred in the same criminal episode. The record also shows that Kabia was prosecuted for all four offenses in a single criminal action. *See Jackson*, 157 S.W.3d at 516 (noting that, in *LaPorte*, "the [Court of Criminal Appeals] reasoned the Legislature intended a single criminal action to refer to a single trial or plea proceeding" (citing *LaPorte*, 840 S.W.2d at 414)).[4]

---

[4]Our ruling is dispositive of Kabia's alternative point of error, which argues that the trial court erred because the terms of his plea bargain required his sentences to run concurrently.

4

In light of the record and the State's concession, we sustain Kabia's sole point of error. Accordingly, we modify the trial court's judgment to reflect that Kabia's sentence will run concurrently to the sentences in his companion cases.

## III.    We Modify the Judgment

Next, we note that there are two minor clerical errors in the trial court's judgment. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

The reporter's record shows that Kabia pled not true to the State's allegations in its revocation motion, but the judgment incorrectly states that Kabia pled true to the allegations. Also, even though Kabia received regular community supervision, the judgment mistakenly states the following:  "The Court previously deferred adjudication of guilt in this case. Subsequently, the State filed a motion to adjudicate guilt."

Pursuant to additional concessions by the State and our review of the record, we further modify the trial court's judgment (1) to reflect that Kabia pled "not true" to the State's

5

revocation motion and (b) to reflect that Kabia was originally placed on regular community supervision instead of deferred adjudication community supervision.

**IV.     Conclusion**

We modify the trial court's judgment (1) to reflect that Kabia's sentence runs concurrently to his other companion cases, (2) to show that Kabia pled "not true" to the State's revocation motion, (3) to delete references to deferred adjudication community supervision, and (4) to read, "The trial court previously adjudicated guilt and assessed community supervision. Subsequently, the State filed a motion to revoke community supervision."

As modified, we affirm the trial court's judgment.


                                        Charles van Cleef
                                        Justice


Date Submitted:     January 11, 2024
Date Decided:       February 6, 2024

Do Not Publish