In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00473-CR

____________


HAL VERNON PARFAIT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 272nd District Court

Brazos County, Texas

Trial Court Cause No. 28,316-272






O P I N I O N

 In a two-count indictment, appellant was charged with attempted aggravated
sexual assault of a child and indecency with a child. An enhancement paragraph
alleged a previous aggravated sexual assault conviction. A jury found appellant
guilty of both counts. After finding the enhancement paragraph true, the trial court
assessed punishment at life and a $10,000 fine for count one, and twenty years and
a $10,000 fine for count two, to run consecutively. We affirm. 

Background

 The complainant, a ten-year-old girl, walked into appellant's apartment to use
the bathroom. She noticed that appellant was only wearing boxers, and that his
"middle spot" was hanging out. As she walked to the bathroom, appellant grabbed
her and pushed her onto the couch. She testified that he touched her middle spot and
pushed his middle spot against her middle spot. While this happened, both the
complainant and appellant had their clothes on. 

 In four points of error, appellant argues that: (1) there was legally and factually
insufficient evidence to support his conviction for aggravated sexual assault of a
child; (2) the trial court erred by overruling his Batson challenge; and (3) the trial
court erred in ordering the two sentences to run consecutively. 

Consecutive Sentences


 In his fourth point of error, appellant argues that the trial court erred in ordering
appellant's sentences to be served consecutively. Specifically, appellant argues that
section 3.03(b)(2)(A) of the Texas Penal Code does not apply to attempt offenses, as
opposed to completed offenses, and the trial court erred by stacking his sentences. 

 The State argues that this point has been waived because appellant did not
object to the trial court's order to cumulate the sentences. However, in LaPorte v.
State, the court of criminal appeals held that "an improper cumulation order is, in
essence, a void sentence, and such error cannot be waived." 840 S.W.2d 412, 415
(Tex. Crim. App. 1992). Thus, we will review this point of error.

 Penal Code section 3.03 provides: 

 (a) When the accused is found guilty of more than one offense
arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been
found guilty shall be pronounced. Except as provided by
Subsection (b), the sentences shall run concurrently.


 (b) If the accused is found guilty of more than one offense arising
out of the same criminal episode, the sentences may run
concurrently or consecutively if each sentence is for a conviction
of:

 (2) an offense; 

 

 (A) under Section 21.11 (1) . . . 22.021 (2) committed against a
victim younger than 17 years of age at the time of the
commission of the offense. . . 


Tex. Pen. Code Ann. § 3.03(a), (b)(2)(A) (Vernon Supp. 2002). 

 Appellant's argument appears to be one of first impression in Texas. In
interpreting a criminal statute, we seek to find the intent of the Legislature by
focusing on the literal text of the statute in question. Boykin v. State, 818 S.W.2d
782, 785 (Tex. Crim. App. 1991). Only if the language is ambiguous or would lead
to absurd results may this court go beyond the plain meaning of the statute. Id. 

 The text of the statute provides that the punishments for certain offenses may
be stacked. Included within the enumerated offenses are aggravated sexual assault
and indecency with a child. The only question here is whether attempted aggravated
sexual assault is included within aggravated sexual assault for purposes of section
3.03. In order to decide whether an attempt offense is included within section 3.03,
we interpret the statute as a matter of law.

 The statute provides that the sentences may run consecutively if a defendant
is convicted of an offense under sections 21.11 (indecency with a child) and 22.021
(aggravated sexual assault). Tex. Pen. Code Ann. § 3.03(a)(b)(2)(A). A fact
finder's determination that a defendant is guilty of an attempted offense cannot be
considered only under section 15.01. (3) The elements of the underlying penal code
violation must also be considered. Therefore, the elements of section 22.021 must be
considered in assessing whether a defendant is guilty of attempted aggravated sexual
assault. 

 Here, the jury found that appellant committed attempted aggravated sexual
assault. The primary distinction between attempted aggravated sexual assault and
aggravated sexual assault is whether the defendant completed the offense. For a
defendant to be found guilty of an attempted offense, the defendant must do
something more than preparation, but less than completing the offense. Additionally,
the factfinder would have to find that the defendant had the specific intent to commit
the underlying offense. See Tex. Pen. Code Ann. § 15.01. It is axiomatic that, when
a defendant is found guilty of an attempted offense, he is found guilty not only under
section 15.01, but also under the underlying penal code provision as well. Thus, if
a defendant is found guilty of attempted aggravated sexual assault, his conviction is
under both section 15.01 and section 22.021, one of the enumerated offenses in
section 3.03. Therefore, the trial court had the discretion to cumulate appellant's
sentences for his convictions of indecency with a child and attempted aggravated
sexual assault. 

 We overrule appellant's third point of error.

 "The discussion of the remaining points of error does not meet the criteria for
publication, Tex. R. App. P. 47, and is thus ordered not published.

 The judgment is affirmed. 



__________________________________________________________________

Legal and Factual Sufficiency


 In his first and second points of error, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction for attempted aggravated sexual
assault of a child. 

 The standard of review for legal sufficiency is to view the evidence in the light
most favorable to the conviction and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

 Under the factual sufficiency standard, we ask "whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). In reviewing
factual sufficiency, the court of appeals "may not reverse a jury's decision simply
because it disagrees with the result; the appellate court must defer to jury findings,
and may find the evidence factually insufficient only where necessary to prevent
manifest injustice." Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

 To obtain a conviction for aggravated sexual assault, the State had to prove that
appellant intentionally or knowingly caused the penetration of the complainant's
female sexual organ, without her consent. See Tex. Pen. Code Ann. §
22.021(a)(1)(A)(i) (Vernon Supp. 2002). 

 The elements of criminal attempt are: (1) a person; (2) commits an offense if;
(3) with specific intent; (4) to commit an offense; (5) he does an act; (6) amounting
to more than mere preparation; (7) to effect the commission of the offense intended. 
Tex. Pen. Code Ann. § 15.01 (Vernon 1994). The element "with specific intent to
commit an offense" has traditionally been interpreted to mean that the actor must
have the intent to bring about the desired act. Flanagan v. State, 675 S.W.2d 734,
741 (Tex. Crim. App. 1984). Additionally, if a person attempts an offense that may
be aggravated, his conduct constitutes an attempt to commit the aggravated offense
if an element that aggravates the offense accompanies the attempt. Tex. Pen. Code
Ann. § 15.01(b). 

 In this case, the complainant testified that appellant pushed her onto the couch
and touched her middle spot. She could see his middle spot and he pushed his middle
spot onto her middle spot. The prosecutor asked if her middle spot was where she
went to the bathroom and the complainant answered, "Yes." The complainant asked
to be let go, but appellant refused. After slipping under his arms, she ran home. 

 Further evidence from the complainant's brother supported the conviction. He
testified that, when the complainant returned from appellant's apartment, she
appeared to be "freaked out," and she looked as though something had happened. He
also described her as looking "scared."

 We conclude that the evidence presented in this case was legally sufficient to
entitle a rational trier of fact to find that appellant committed attempted aggravated
sexual assault. 

 We overrule appellant's first point of error.

 In his second point of error, appellant argues that the evidence is factually
insufficient because the complainant was not bruised or scratched, her clothes were
not disheveled or torn, and there was no ejaculate seen on the complainant. In
addition, appellant's sister testified that she was in appellant's apartment when the
complainant walked in. His sister testified that, after the complainant used the
restroom, she stopped in front of the television. At that point, appellant took her by
the shoulders and told her that she needed to go outside. The complainant then
walked out of the apartment. Appellant's sister testified that appellant did not push
the complainant against the couch and sexually assault her.

 The jury is the sole judge of the facts, the witnesses' credibility, and the weight
to be given the evidence. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Therefore, the jury may choose to believe or disbelieve any portion of the
witnesses' testimony. Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.--Houston
[14th Dist.] 2000, pet. ref'd). 

 The jury was free to believe the complainant's testimony and disbelieve
appellant's sister's testimony. Moreover, the jury could have believed that the
attempted aggravated sexual assault could have occurred without bruises, torn
clothing, or appellant's ejaculate on the complainant. After reviewing the entire
record, we conclude that the verdict is not so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Accordingly, the evidence was
factually sufficient to support the jury's verdict. 

 We overrule appellant's second point of error.

Batson Challenge


 In his third point of error, appellant argues that the trial court erred in denying
his Batson challenge. 

 An accused has a right to a trial by a jury whose members are selected in a
racially-neutral, nondiscriminatory manner. Tex. Code Crim. Proc. Ann. art. 35.261
(Vernon 1989); Batson v. Kentucky, 476 U.S. 79, 85-86, 106 S. Ct. 1712, 1717
(1986). We review a trial court's ruling in the light most favorable to it, applying a
"clearly erroneous" standard of review. See Williams v. State, 804 S.W.2d 95, 101
(Tex. Crim. App. 1991). A three-step procedure consists of: (1) the accused's making
a prima facie case of purposeful discrimination; (2) shifting the burden to the State
to provide race-neutral explanations for its challenges, and (3) shifting the burden
back to the accused to prove the State's reasons were only a pretext for
race-motivated strikes. Batson, 476 U.S. at 97, 106 S. Ct. at 1723. The exercise of
even one racially-motivated peremptory strike invalidates the jury selection process
and requires a new trial. Whitsey v. State, 796 S.W.2d 707, 716 (Tex. Crim. App.
1989). 

 Outside the presence of the jury, appellant argued that the State impermissibly
struck panelists Cooper and Berger. The State then gave race-neutral reasons for
striking the panelists, and the trial court denied the Batson motion. Appellant made
no further objection in the Batson hearing. 

 After the State met its burden of coming forward with race-neutral reasons for
using the peremptory strikes, the burden shifted to appellant to refute the State's
reasons or to show that it is merely a pretext. Salazar v. State, 795 S.W.2d 187, 192
(Tex. Crim. App. 1990). By not refuting the State's race neutral reasons, appellant
forfeits review of the issue on appeal. Flores v. State, 33 S.W.3d 907, 926 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd). 

 We overrule appellant's third point of error.







Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (4)

Publish in part; do not publish. Tex. R. App. P. 47.4.

1. Tex. Pen. Code Ann. § 21.11 (Indecency With a Child).
2. Tex. Pen. Code Ann. § 22.021 (Aggravated Sexual Assault).
3. Tex. Pen. Code Ann. § 15.01(d) (Vernon 1994) ("An offense under this
section is one category lower than the offense attempted, and if the offense
attempted is a state jail felony, the offense is a Class A misdemeanor."). This
statute defines the "degree" of the offense, upon which punishment is based,
not the conduct defined as criminal by the Legislature.
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.