07-04-0358-CR


 07-04-0359-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 4, 2005


______________________________



TELISA MARIE ROBINSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NOS. 15,743-B AND 15,744-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Telisa Marie Robinson, appeals her convictions for aggravated robbery
and aggravated assault on a public servant. After pleading guilty before a jury, a trial was
held on punishment. The jury assessed punishment at 60 years imprisonment for each
offense. The trial court sentenced appellant in accordance with those verdicts. Thereafter,
she timely noticed her appeal, and counsel was appointed to represent her. The latter has
moved to withdraw after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she searched the record and
found no arguable grounds for reversal. Furthermore, she represents that she informed
her client of her right to review the record and file a pro se brief or response. We also
informed appellant that any response she cared to file had to be filed by December 29,
2004. To date, appellant has neither filed a pro se response nor moved for an extension
of the December 29th deadline. 

 We now address the validity of the three potentially arguable issues raised by
appointed counsel. The first involved the failure to obtain a written waiver of appellant's
right to have a jury assess her guilt. The record reflects, however, that appellant was
informed of and understood her right to have the jury determine guilt. So, while a written
waiver may have been required by statute, its absence was harmless given her awareness
and verbal relinquishment of that right. See Johnson v. State, 72 S.W.3d 346, 349 (Tex.
Crim. App. 2002) (holding that the failure to obtain a written waiver was harmless since the
judgment reflected that appellant knew he had a right to a jury trial and opted for a bench
trial). 

 The second issue concerned the trial court's error in "allowing the aggravated
robbery indictment and the aggravated assault on a public servant indictment to be heard
in the same criminal complaint." According to counsel, the State was required to "file a
written notice of its intention to join prosecutions of two offenses charged under separate
charging instruments." See Tex. Pen. Code Ann. §3.02 (Vernon 2003). However, her
counsel did not object to the absence of written notification. This resulted in waiver of the
complaint. LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992) (holding that the
requirement for written notice may be waived by inaction).

 The third potential issue involved the effectiveness of appellant's trial attorney. In
discussing that matter, appellate counsel explained why the issue lacked merit. We agree
with her conclusion, after reviewing the record. 

 We also conducted our own review of the record pursuant to Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991) and found no arguable issue warranting reversal.

 Accordingly, counsel's motion to withdraw is granted, and the judgments of the trial
court are affirmed. 

 Brian Quinn

 Justice



Do not publish. 



">
1. - 
 

2.