In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00391-CR**
**NO. 09-13-00392-CR**
_____

**CHARLES CLAYTON BEARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-15391, 12-15392**

**MEMORANDUM OPINION**

Charles Clayton Beard appeals his convictions for burglary of a building and burglary of a habitation. In four issues, Beard challenges the trial court's cumulation order in cause number 12-15392, as well as the sufficiency of the evidence supporting the trial court's imposition of administrative fees in cause number 12-15391 and assessment of court costs in both cases. We affirm the trial court's judgments.

1

Pursuant to plea bargain agreements, Beard pleaded guilty to burglary of a building (cause number 12-15391) and burglary of a habitation (cause number 12-15392). In both cases, the trial court found the evidence sufficient to find Beard guilty, but deferred further proceedings, placed Beard on community supervision for five years, and assessed a fine of $750. The State subsequently filed a motion to revoke Beard's community supervision in both cases. Beard pleaded "true" to one violation of the conditions of his community supervision in each case. In each case, the trial court found that Beard violated the conditions of his community supervision and found Beard guilty. In cause number 12-15391, the trial court assessed punishment at two years of confinement in a state jail facility, and in cause number 12-15392, the trial court assessed punishment at nineteen years of confinement. The trial court ordered that Beard's sentence in cause number 12-15392 would run consecutively to his sentence in cause number 12-15391.

In his first issue, Beard argues that the cumulation order in cause number 12-15392 should be deleted because the offenses arose from a single criminal episode and were tried simultaneously. Section 42.08 of the Code of Criminal Procedure grants the trial court authority to order sentences to run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2013). However, the trial court's discretion is limited by section 3.03 of the Texas Penal

Code, which provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode *prosecuted in a single criminal action*, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." [1] Tex. Pen. Code Ann. § 3.03(a) (West Supp. 2013) (emphasis added). The Court of Criminal Appeals has explained that "a defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

During the hearing on the motion to revoke Beard's community supervision,[2] the trial court called each case separately and dealt with each one individually before calling the next case. The two cases bore separate cause numbers and were not consolidated. The trial court called cause number 15391, took Beard's plea to the motion to revoke in that case, and accepted Beard's plea

[1]Subsection (b) is not applicable to the cases at bar. See Tex. Pen. Code Ann. § 3.03(b) (West Supp. 2013).

[2]The appellate records do not contain the reporter's record of the plea hearings or the hearings at which the trial court deferred adjudication of Beard's guilt.

3

of true. The trial court then called cause number 15392, took Beard's plea to the motion to revoke in that case, and accepted Beard's plea of true. The trial court then said, "[b]ack to Cause No. 15391. [Defense counsel], do you have any comments?" Counsel then argued concerning matters that apparently pertained to both cases, and the trial judge conversed with Beard and asked some questions of Beard without specifying to which case his questions referred. The trial judge then stated that in cause number 15391, he found the evidence sufficient to find count one true, revoked Beard's community supervision, found Beard guilty of burglary of a building, and assessed punishment at two years of confinement in a state jail facility. The trial judge then asked, "Cause No. 15392. Any additional comments in this case, [defense counsel]?" Defense counsel stated that he did not have any further comments. The trial judge then stated that in cause number 15392, he found the evidence sufficient to find count one true, revoked Beard's community supervision, found Beard guilty of burglary of a habitation, assessed punishment at nineteen years of confinement, and ordered that "Cause no. 15392 will run consecutive to Cause no. 15391[.]"

Trial counsel's argument during the revocation hearing that pertained to both cases, as well as the trial judge's ambiguous colloquy with Beard, do not change the fact that the trial court called each case separately and adjudicated the first case

4

before proceeding with the second. Because cause numbers 15391 and 15392 were not prosecuted in a single criminal action, the trial court did not err by ordering Beard's sentences to run consecutively. *See* Tex. Pen. Code Ann. § 3.03(a); *LaPorte*, 840 S.W.2d at 415. Accordingly, we overrule issue one.

In issue two, Beard argues that the evidence was insufficient to prove that he owed administrative fees in cause number 12-15391. In issue three, Beard contends the evidence was insufficient to prove that he owed court costs in cause number 12-15391. Beard asserts in issue four that the evidence was insufficient to prove that he owed court costs in cause number 12-15392. We address these issues together. We review the sufficiency of the evidence to support an award of costs and administrative fees by viewing all of the evidence in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

Beard argues that because the community supervision is not a part of his sentence, the terms of his community supervision "were erased once the trial court revoked the probation unless the trial court had heard evidence supporting a finding that the specific terms regarding payment of fees had been violated." Beard cites no authority supporting his proposition that revocation of his community supervision ended his obligation to pay court costs and administrative fees associated with his community supervision. *See* Tex. R. App. P. 38.1(i). A judge

5

granting community supervision must fix a fee of not less than $25 or more than $60 per month to be paid during the period of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 19(a) (West Supp. 2013). In addition, a community supervision and corrections department may assess a reasonable administrative fee from an individual who is not paying a monthly fee under article 42.12, section 19 of the Texas Code of Criminal Procedure. Tex. Gov't Code Ann. §§ 76.001(4), 76.015 (West 2013). A cost is payable by the person charged with the cost when a written bill is produced containing the items of cost and signed by the officer who charged the cost or who is entitled to receive payment for the cost. Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006). The community supervision and corrections department and the county treasurer are authorized to collect such funds. *Id*. art. 103.003(b) (West Supp. 2013).

In cause number 12-15391, the trial court assessed administrative fees of $1122 in its judgment. The appellate record in trial cause number 12-15391 includes a "REVOCATION RESTITUTION/REPARATION BALANCE SHEET[,]" signed by a bookkeeper, which indicates that Beard owed supervision fees of $572, an "MS CS" fee of $50, and a "POST-PSI" fee of $500 to the Jefferson County Community Supervision and Corrections Department. These amounts total $1122. In addition, the trial court's judgment in cause number 12-15391 assessed court

6

costs of $623. The revocation restitution/reparation balance sheet in cause number 12-15391 indicates that Beard owed revocation court costs in the amount of $324, as well as court costs in the amount of $299, and these two amounts total $623. Furthermore, the record in cause number 12-15391 includes the District Clerk's bill of costs, signed by a deputy clerk, which states that Beard owed $324.

The trial court's judgment in cause number 12-15392 also assessed court costs in the amount of $623. The revocation restitution/reparation balance sheet in cause number 12-15392 indicates that Beard owed revocation court costs in the amount of $324, as well as court costs in the amount of $299, and these two amounts total $623. The record in cause number 12-15392 also includes the District Clerk's bill of costs, signed by a deputy clerk, which states that Beard owed $324.

Viewing the evidence in the light most favorable to the award of costs and fees, we conclude that the revocation restitution/reparation balance sheet and bill of costs in cause number 12-15391 constitute sufficient evidence of the amount of administrative fees and court costs owed, and the revocation restitution/reparation balance sheet and bill of costs in cause number 12-15392 constitutes sufficient evidence of the amount of court costs owed. *See Mayer*, 309 S.W.3d at 557.

Accordingly, we overrule issues two, three, and four, and we affirm the trial court's judgments.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 11, 2013
Opinion Delivered December 18, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.