**Affirmed as modified; Opinion Filed January 21, 2020.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01255-CR
### No. 05-18-01257-CR

**CHRISTOPHER LEE WHALEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-60638-S, F13-70117-S**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Whitehill

The trial court adjudicated appellant's guilt on two offenses in a consolidated hearing and sentenced him to five years on each offense with the sentences to run consecutively. Appellant argues that the trial court erred by stacking his sentences and in assessing duplicative costs and the State agrees. In a cross-point, the State requests that we modify the judgment to reflect that the court made a deadly weapon finding.

We conclude that the offenses were part of the same criminal episode prosecuted in a single criminal action and therefore the trial court erred by stacking the sentences. And, because the offenses were adjudicated in a single proceeding, costs should not have been assessed for both offenses. We thus modify the judgments to delete the cumulation order and to reflect a deadly weapon finding in trial court cause number F13-60638-X (appeal number 05-18-01255-CR), and

to delete the court costs assessed in cause number F13-70117-S (appeal number 05-18-01257-CR). As modified, we affirm the trial court's judgments.

## I. BACKGROUND

Appellant and the State entered a plea bargain pursuant to which appellant pled guilty and judicially confessed to third-degree family violence assault in exchange for four years' deferred adjudication community supervision and a $1,500 fine. Appellant also pled guilty in an aggravated assault case in exchange for four years deferred adjudication community supervision and a $1,500 fine.

Four years later, the State moved to adjudicate guilt in each case. In a consolidated hearing, appellant entered open pleas of not true to the State's allegations. After hearing evidence, the trial court found the allegations true and sentenced appellant to five years in prison in each case. The Court assessed $449 in court costs for each case and ordered that the sentences run consecutively.

## II. ANALYSIS

### A. First Issue: Were the Sentences Erroneously Stacked?

Yes, they were part of a single criminal episode, the similar crimes were tried together, and no exception applies.

Appellant's first issue argues that his sentences should run concurrently but instead were erroneously cumulated or stacked. The State agrees.

We review the trial court's decision to stack or cumulate sentences for abuse of discretion. *Hurley v. State*, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.). As explained below, however, the court's discretion to stack sentences is limited by Penal Code §3.03. *See* TEX. PENAL CODE ANN. § 3.03(a).

When a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction either (i) to begin to run after

the judgment and sentence imposed in the preceding conviction has ceased to operate, or (ii) to run concurrently with the judgment and sentence imposed in the preceding conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). If the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses and the trial court exercises its discretion to cumulate or stack the sentences. *See* TEX. PENAL CODE § 3.03 (a)-(b). Appellant and the State agree that none of the §3.03(b) exceptions apply and the case was tried in a single criminal action.[1] Thus, we examine whether the offenses were part of a single criminal episode. *See* TEX. PENAL CODE § 3.01.

Appellant argues that the offenses, both family violence assaults committed against the same person constituted the same criminal episode because they were "the repeated commission of the same or similar offense." We agree.

The penal code defines "criminal episode" as:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE § 3.01.

In the aggravated assault with a deadly weapon case appellant was charged with causing injury to Williams, his girlfriend, by cutting her with a knife, striking her with his hand, squeezing her neck with his hands and arm, and kicking her with his foot. In the family violence assault case,

---

[1] A defendant is prosecuted in a "single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several . . . ." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. 2017). The record reflects that this occurred here.

appellant was charged with impeding Williams's breathing and circulation by applying pressure to her throat and neck by blocking Williams's nose and mouth with his hand.

Both offenses were assaults on Williams. When the gravamen of both offenses involves assaultive conduct committed by similar manner and means, the offenses are deemed part of the same criminal episode. *See Duncan v. State,* No., 08-12-00362-CR, 2013 WL 5716393, at \*3 (Tex. App.—El Paso 2013, no pet.) (mem. op., not designated for publication); *see also Johnson v. State*, Nos. 07-08-0428-CR, 07-08-0430-CR, 07-09-0431-CR, 2009 WL 2059439, at \*1 (Tex. App.—Amarillo 2009, no pet.) (mem. op. not designated for publication) (sentences for nine acts of public lewdness committed over a one year period against nine different victims could not be cumulative). On this record, we conclude the offenses were part of the same criminal episode and thus the sentences should not run consecutively. Appellant's first issue is sustained.

The appropriate remedy in this situation is for this court to modify the trial court's judgment to delete the cumulation order. *LaPorte*, 840 S.W.2d at 415; *see also* TEX. R. APP. P. 43.2. Accordingly, we modify the judgments to reflect that the sentences do not run consecutively.

## B.     Second Issue: Are the Costs Duplicative?

Appellant and the State agree that the court erroneously assessed duplicative costs. The code of criminal procedure provides that:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may asses each court cost or fee only once against the defendant.

> (b) In a criminal action described by subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. art. 102.073.

Here, because the cases were tried in the same proceeding, the court should only have assessed costs for the higher category offense, the second-degree aggravated assault conviction. We sustain appellant's second issue.

## C.  Cross-Point:  Should the Judgment be Modified?

The State's cross-point asks us to modify the judgment in the assault with a deadly weapon case to show that, notwithstanding the judgment's "N/A" notation, the court made a deadly weapon finding.  We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so.  *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record reflects that the court made an affirmative deadly weapon finding that "Defendant used or exhibited a deadly weapon, namely, Knife and a Hand and a Foot" during the commission of the aggravated assault with a deadly weapon.  Therefore, the notation "N/A" is in error.  We sustain the State's cross-point and modify the judgment accordingly.

### III.  CONCLUSION

We modify the judgments to reflect that (i) the sentences do not run consecutively, (ii) the court made a deadly weapon finding in trial court cause number F13-60638-X (appeal number 05-18-01255-CR), and to (iii) delete the court costs assessed in cause number F13-70117-S (appeal number 05-18-01257-CR).  As modified, the trial court's judgments are affirmed.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2 (b)
181255F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER LEE WHALEY,
Appellant

No. 05-18-01255-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-13-60638-S.
Opinion delivered by Justice Whitehill.
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that: the court made a deadly weapon finding and the sentence does not run consecutively with the sentence in cause number F13-7011-S.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of January, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER LEE WHALEY,
Appellant

No. 05-18-01257-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-70117-S.
Opinion delivered by Justice Whitehill.
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED as follows:** to reflect that the sentence does not run consecutively with the sentence in cause number F13-60628-X and to delete the court costs assessed in this case.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of January, 2020.