

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00148-CR

_____

RANDALL LEE LANGENBERG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0063X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Randall Lee Langenberg pled guilty to three counts of possession of pornography of a child younger than eighteen years old, each a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26(a) (Supp.). The State filed notice of a prior felony conviction, enhancing the punishment range to that of a second-degree felony—two to twenty years' confinement. *See* TEX. PENAL CODE ANN. § 12.42(a) (Supp.). The State also filed notice to cumulate each count. *See* TEX. PENAL CODE ANN. § 3.03 (Supp.). Langenberg pled guilty to each count and pled true to the enhancement. The trial court sentenced Langenberg to fifteen years' imprisonment on each count and ordered the sentences to run consecutively. On appeal, Langenberg argues that the consecutive sentences, forty-five years altogether, are cruel and unusual punishment. We affirm the trial court's judgment.

Generally, a trial court has authority to order sentences to run concurrently or consecutively. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Supp.). However, a trial court's discretion is limited by Section 3.03(a) of the Texas Penal Code, which reads:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

*See* Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, sec. 3.03, 1995 Tex. Gen Laws 3445, 3445 (amended 2023) (current version at TEX. PENAL CODE § 3.03(a)); *see LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017). Section 3.03(b)(3) specifically permits consecutive sentencing for multiple Section 43.26 of the Texas Penal Code offenses arising out of the same

2

criminal episode, and the State filed a notice to cumulate. *See* TEX. PENAL CODE ANN. §§ 3.03(b)(3)(A), 43.26(a).

Here, Langenberg does not argue that the individual sentences exceeded the statutory punishment range, nor does he argue that the trial court lacked statutory authority to cumulate his sentences. He argues instead that the trial court abused its discretion in assessing a sentence that was cruel and unusual.

Langenberg's Eighth Amendment argument is subject to ordinary preservation rules. *See* U.S. CONST. amend. VIII; *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Williams v. State*, No. 06-25-00003-CR, 2025 WL 1859426, at *2 (Tex. App. July 7, 2025) (Tex. App.—Texarkana July 7, 2025, no pet.) (mem. op., not designated for publication); *Diez v. State*, 693 S.W.3d 899, 929 (Tex. App.—Austin 2024, pet. ref'd), *cert. denied*, 2026 WL 79736 (U.S. Jan. 12, 2026) (No. 25-5969) ("In his fourteenth issue, Diez maintains that the trial court's ordering his two sentences to run consecutively violates the Eighth Amendment's ban on cruel and unusual punishment. This issue was not preserved. Eighth Amendment claims like these are subject to the preservation rules and if not preserved are forfeited.").[1]

---

[1]Eighth Amendment claims by juveniles are not subject to the usual preservation requirements. *See Compton v. State*, 666 S.W.3d 685, 728 (Tex. Crim. App. 2023) (citing *Garza v. State*, 435 S.W.3d 258, 262 (Tex. Crim. App. 2014) ("*Garza* held that a claim by a juvenile criminal defendant that he was improperly subjected to a mandatory life-without-parole sentence in violation of the Eighth Amendment was not subject to ordinary notions of procedural default, such that that claim was not forfeited through a lack of objection in the trial court."). Langenberg is not a juvenile nor was he at the time of trial.

Because Langenberg neither objected when the trial court imposed the sentence nor raised the issue in a motion for new trial, he has failed to preserve this complaint for appellate review.  We overrule Langenberg's sole issue.

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     January 26, 2026
Date Decided:       May 29, 2026

Do Not Publish

4